IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOEVON MARTINEZ NELSON                                                                              PLAINTIFF

v.                                      Civil No. 4:22-cv-04052

GUARD STEELMAN; GUARD MERCHANT;
R. LANGOHR; JAIL ADMINISGTRATOR
JAMES WISE; SHERIFF JAMES SINGLETON                                              DEFENDANTS

**ORDER**

Plaintiff, Joevon Martinez Nelson, originally submitted this 42 U.S.C. § 1983 action *pro se* on June 16, 2022. (ECF No. 1). The Court provisionally filed Plaintiff's complaint pending the submission of an amended complaint and completed application to proceed *in forma pauperis* ("IFP"). (ECF No. 3). On July 7, 2022, after submitting his amended complaint and completed IFP application, Plaintiff was granted IFP status. In this July 7, 2022 order, Plaintiff was advised that failure to keep the Court informed of his current address would subject his case to dismissal. (ECF No. 7). Currently before the Court is Plaintiff's failure to comply with orders of the Court.

On February 3, 2023, Defendants filed a motion to dismiss based on Plaintiff's failure to keep the Court informed of his current address. (ECF No. 18). In this motion, Defendants notify the Court that they have verified Plaintiff is no longer an inmate at Hempstead County Detention Center ("HCDC"), which is his listed address of record. *Id.* On February 6, 2023, the Court entered an order directing Plaintiff to respond to Defendants' motion to dismiss by February 27, 2023. (ECF No. 20). This order was mailed to Plaintiff's address of record at the HCDC. On February 22, 2023, the order was returned as undeliverable mail, marked "Attempted" and "Not Known." (ECF No. 21).

Pursuant to the Court's July 7, 2022 order, Plaintiff was given thirty (30) days from the return of undeliverable mail to notify the Court of his new address. (ECF No. 7). Plaintiff has not submitted

any change of address notices and has not communicated with the Court since July 6, 2022, when he submitted his motion to proceed IFP. (ECF No. 6).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's amended complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 31st day of March, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge